# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| ENVIRONMENTAL EQUIPMENT, INC. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 11-2072 |
| THE NORTHERN INSURANCE COMPANY OF AMERICA | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Plaintiff's Motion to Remand (Rec. Doc. 11). Having carefully reviewed the parties' numerous submissions in support of and in opposition to this motion (Rec. Docs. 11-1, 16, 20, 22, 26 and 27), **IT IS ORDERED**, for the reasons stated herein, that Plaintiff's motion is **GRANTED**. **IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

## BACKGROUND

In this action, Plaintiff seeks recovery under a marine hull insurance policy issued by Defendant, The Northern Insurance Company of America, for damages allegedly incurred by Plaintiff's work boat as a result of rough seas. Following Defendant's denial of its insurance claim, Plaintiff filed suit in Louisiana state court. Thereafter, Defendant removed the action, asserting that the amount in controversy is sufficient to provide federal diversity jurisdiction under 28 U.S.C. §1332. Disagreeing, Plaintiff seeks remand to state court.[1]

---

[1] There is no dispute as to the parties' diversity of citizenship.

## LAW AND ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id*. (*citing St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

In this instance, however, Plaintiff filed its action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires a removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds

$75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*. The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-mart Stores,* Inc., 233 F.3d 880, 883 (5th Cir. 2000).

If a defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id*. at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La.) (Vance, J.); *Crosby*

3

*v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La.) (Vance, J.).[2]

Post-removal affidavits or stipulations, however, may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia,* 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the amount in controversy is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Applying the foregoing principles here, the Court finds that remand is warranted. As Defendant notes, Plaintiff did not include, as required by Article 893(A) of the Louisiana Code of Civil Procedure, a general allegation in its petition that its claim is less than the amount required for federal diversity jurisdiction. Although persons filing suit in Louisiana state court should satisfy

---

[2] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

applicable pleading requirements, a plaintiff's failure to do so, however, is not determinative of this Court's subject matter jurisdiction. *See Hamilton v. Safeco Ins. Co.*, No. 07-6533, 2008 WL 594558, *1 n.1. (E.D. La) (Engelhardt, J).

Defendant likewise emphasizes that Plaintiff's petition seeks unspecified "other damages" to "be shown through discovery and proven at trial," and requests a sum that will "fairly and legally compensate petitioner for [its] pecuniary and non-pecuniary damages . . . ." *See* Petition (Rec. Doc. 1-2) at ¶ VII and Prayer. Defendant also contends, based on deposition testimony by Lionel Johnson, Plaintiff's part owner and Vice President of Operations, that "other damages" includes a claim for the loss of use/hire of the vessel that, when added to the requested salvage and repair expenses, yields an amount in controversy in excess of $75,000. Defendant similarly argues that Plaintiff seeks further monetary relief under Louisiana Revised Statutes R.S. 22:1973 and/or 22:1892 such that the jurisdictional amount is satisfied.

While acknowledging the statements made by Mr. Johnson during the course of his deposition, Plaintiff denies that it actually seeks an award of "loss of use/hire" damages. *See* Plaintiff's reply (Rec. Doc. 20) at 2-3. Plaintiff additionally disavows seeking the penalty and/or attorney's fee remedies provided by La. R.S. 22:1973 and/or 22:1892, reasoning that Defendant supplied it with surveyor reports within 30 days as required under La. R.S. 22:1982 – and therefore within 60 days as required under La. R.S. 22:1973 – such that it had no legal basis for asserting a statutory "arbitrary, capricious, or without probable cause claim" against Defendant. Finally, Plaintiff submits a "Stipulation and Order" in which it: (1) states that the amount of damages it seeks to recover is less than $75,000; (2) affirmatively and knowingly waives entitlement to any damages, including penalties and attorney's fees, but exclusive of interest and costs, in excess of $74,999 in

5

this matter; and (3) states that it is not making a loss of use/hire claim in this matter. *See* Rec. Doc. 27.

Significantly, the salvage and repair expenses expressly included in Plaintiff's damage request apparently total only $25,385.47. *See* Petition (Rec. Doc. 1-2) at ¶ VII; Opposition to Motion to Remand (Rec. Doc. 16) at 2-3. And, on the showing made, the mere inclusion of the phrase "unlawfully denied" in a petition does not make it facially apparent that such an insurance claim is likely to exceed $75,000. The petition does not expressly reference an insurer's statutory duty of "good faith and fair dealing," any of the Louisiana insurer "bad faith" statutes, such as La. R.S. 22:1973[3] or 22:1892,[4] or even the terms "attorney's fees" or "penalty(ies)." Nor does it characterize Defendant's conduct as being "arbitrary or capricious" or "without probable cause.

Considering all of the foregoing, the Court concludes that the amount in controversy in this matter was ambiguous at the time of removal. Thus, consideration of Plaintiff's post-removal stipulation in ascertaining the amount in controversy as of the date of removal is permissible. *See, e.g., Gebbia,* 233 F.3d at 883. Having done so, the Court, taking into account all of the parties' submissions, and ever cognizant of its limited jurisdiction, as well as the strict construction of federal removal statutes, finds that the amount in controversy of this matter did not exceed $75,000, exclusive of interest and costs, at the time of removal.

---

[3] Formerly La. R.S. 22:1220.

[4] Formerly La. R.S. 22:658.

## **CONCLUSION**

As stated herein, the Court finds that it lacks subject matter jurisdiction in this action.

Accordingly, Plaintiff's motion seeking remand to Louisiana state court is granted.

New Orleans, Louisiana, this 15th day of June 2012.

_____
**Kurt D. Engelhardt**
**United States District Judge**